Air. Justice Huger
delivered the opinion of the couvf.
The application was dismissed i'n the circuit court on the second ground. No doubt was there entertained as to the first. But as in the argument, the counsel for the appellees has again urged it, an expression pf the opinion of this court has become necessary.
In the case of Hall & Goodwyn, (2 Nott & McCord, 383,) it was decided that a devise of land without words of perpetuity, and where there is nothing in the will from which a fee can be raised by implication, vests only a life estate in tfie devisee. In that' case, the preamble of the will contained the following words, “as touching such worldly estate as it has pleased God to bless me with in this life, I give, demise and dispose of the same in the following manner and form the devising clause was as follows: “ I give and bequeath to Robert Hozvell, a tract of lancl of one hundred acres.” The decision was, that Robert tOolc but a life estate. In the case before the court, there is nothing in the preamble or in any other part of the will, from which the words in the devising clause can receive any colouring. The words are, “ I will' gnd bequeath to my son Robert, one half of the plantation I now live on, adjoining Wren £$? Roper” “ One half of theplanta-tation I now live, adjoining Wren Roper” are words of description and Convey nq-particular import. "Where there areno words of inheritance, or words equivalent to'words of inheritance, the estate is for life. Such ' has been the uniform decision of this court, and such is our urianimous Opinion now.
*549 On the first ground, u.orefore, the court is with the appellant.
The act of 1791, as has been contended, only gives to the circuit court the power to issue writs of partition in cases of intestacy. If, therefore, the application in this case, is to divide land in conformity to the will of Crawford., and the circuit court have no jurisdiction, but under that act, the petition was properly refused. But here two questions arise.
1st. Is tiiis an application to divide land under the will of Crawford, sen. ? and,
2dl. It it be so, has not the circuit court jurisdiction under the act of 1748 ?
As the will makes no disposition of the land in question beyond the life of Robert, it is very clear that it must be divided under the act of distributions, which is the very pase provided for by the act of 1791. In other words, it is a case of intestacy. It is true that in dividing this land in conformity to the act of distributions, it becomes necessary first to divide the original plantation into two equal parts, in order to ascertain the lines of the land to be partitioned. But wherever a power is expressly given, every thing essential to the exercise of that power is impliedly given. In this instance, however, litle is left to implication. The act of 1791 declares that partition shall be made according to the act for the admeasurement of dower ; which act provides for the appointment of surveyors to run the lines between the lands to be partitioned and other lands, as well as the lines between the divisions into which the land is to be partitioned. According to the act of 1791, then, the circuit court possessed jurisdiction, and a writ of partition ought to have been issued.
But had not the act of 1791 authorized the proceeding, the act of 1748 does. The words of that act arc, “ that in all cases where any lands shall be given or descend to any person in coparcenary, jojnt tenancy, or tenancy in common, when and as soon as any one of the said copar-ceners, joint tenants, or tenants in common, shall be oí *550 the age of twenty-one, he may apply to the court of conn-mon pleas for a writ of partition; and if he shall neglect so to do for twelve months, then the guardians of him or them under ago shall apply.
Holmes, for the motion.
Miller, contra.
It is however said that although this act does authorize the courts to issue a writ of partition where there are guardians, yet where there are no guardians, it cannot do so, as it possesses no power to appoint guardians for persons or property. By the act 1808, (giving to the court of common pleas certain equity powers,) it is declared that all the power and authority appertaining to, and exercised by the court of equity as to the appointment of guardians of the persons and properties of minors, be and the same is vested in the Judges of the court of common pleas, so far as the rights of minors may be concerned in any real or personal property, to be divided under the act passed in 1791, as well as all other acts relative to the partition of estates real or personal. But independent of the act of 1808, the court of common pleas possesses at common law the power to appoint a guardian ad litem, and is in the daily habit of exercising that power.
In the case of Crompton and Ulmer, (2 Nott & M'Cord, 429.) some doubt was expressed as to the power of the court of common pleas, to appoint a guardian, but the question was not necessarily involved in the case, nor did the Judge who delivered the opinion of the court, mean to do more than express a doubt. I am of opinion therefore that the petitioners were entitled to a partition, and that the writ ought to have been issued.
The motion therefore must be granted.
Justices Richardson and Gantt, concurred.